# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MASSACHUSETTS

DOCKET NO.

| | |
|---|---|
| TIMOTHY D. JOYCE, | ) |
|                   Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, | ) |
| ROBERT H. PRINCE, JR., individually and in his | ) |
| capacity as General Manager of the MBTA, | ) |
| THOMAS O'LOUGHLIN, individually and in his | ) |
| capacity as the Chief of Police of the MBTA, and | ) |
| WILLIAM H. SMITH, individually and in his | ) |
| capacity as a Police Officer of the MBTA, | ) |
|                 Defendants | ) |

**01 - 12299 JLT**

---

## COMPLAINT AND JURY DEMAND

---

### PRELIMINARY STATEMENT

Plaintiff Timothy D. Joyce brings this action against Defendants Massachusetts Bay Transportation Authority; Robert H. Prince, Jr., individually and in his capacity as General Manager of the Massachusetts Bay Transportation Authority; Thomas O'Loughlin, individually and in his capacity as the Chief of Police of the Massachusetts Bay Transportation Authority; and William H. Smith, individually and in his capacity as a police officer with the MBTA, for violation of his rights, privileges and immunities as secured by 42 U.S.C. § 1983, the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution; state civil rights violation; and other tort action.

RECEIPT # 35986
AMOUNT $ 150.00
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
AO 120 OR 121
BY DPTY CLK. ES
DATE 12/20/01

## PARTIES

1.      Plaintiff Timothy D. Joyce ("Plaintiff") is a citizen of the United States of America and is a resident of Central Falls, Providence County, Rhode Island.

2.      Defendant Massachusetts Bay Transit Authority ("MBTA") is an independent body politic and political subdivision of the Commonwealth of Massachusetts with a principal place of business at 10 Park Plaza, Boston, Suffolk County, Commonwealth of Massachusetts.

3.      The Defendant Robert H. Prince Jr., ("General Manager Prince") is and at all relevant times was the General Manager of the MBTA and an employee and agent of the MBTA.   General Manager Prince is sued individually and in his official capacity. Upon information and belief he resides in the Commonwealth of Massachusetts.

4.      The Defendant Thomas O'Loughlin, ("Chief O'Loughlin") is and at all relevant times was the Chief of the MBTA Police Department, an employee, servant and agent of the MBTA and was acting as an MBTA Police Officer.   Chief O'Loughlin is sued individually and in his official capacity. Upon information and belief he resides in the Commonwealth of Massachusetts.

5.      The Defendant William H. Smith ("Officer William Smith") is an individual, on information and belief resides in the Commonwealth of Massachusetts, and at all relevant times was an employee, agent and police officer of the MBTA.   Officer William Smith is sued individually and in his official capacity.

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction is conferred by virtue of 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 (federal question jurisdiction).

7. Subject mater jurisdiction is also conferred by virtue of 28 U.S.C. § 1332 (diversity of citizenship). The Plaintiff is a resident of Rhode Island and Defendants are residents of the Commonwealth of Massachusetts. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff further invokes pendent jurisdiction of this Court to hear and decide claims arising under state laws.

9. Venue is proper in this district because it is where the Defendants reside and where the events complained of occurred.

## FACTS

10. On or about April 8, 2000 the Plaintiff was a passenger on a train operated by the Defendant MBTA traveling from South Station in Boston, Massachusetts to South Attleboro, Massachusetts.

11. The train on which the Plaintiff was a passenger stopped at the MBTA Back Bay Station in the City of Boston.

12. While on the train at the Back Bay Station, the Plaintiff was approached by the Officer William Smith, a uniformed police officer of the MBTA, who at that time and place and at all times relevant hereto was an agent, servant and employee of the Defendant MBTA, acting under color of state law. Officer William Smith escorted the Plaintiff off the train and onto the train platform at Back Bay Station.

13. At that time and place Officer William Smith proceeded to assault and beat without justification the Plaintiff. Officer William Smith grabbed, pushed, punched, beat with a baton and kicked with a shod foot the Plaintiff.

3

14.    At that time and place and immediately thereafter Officer William Smith proceeded without probable cause and in violation of the Plaintiff's constitutional rights to place the Plaintiff under arrest.

15.    At that time and place Officer William Smith did, without justification, and in violation of the Plaintiff's constitutional rights falsely imprisoned the Plaintiff in that the Defendant placed the Plaintiff under arrest, handcuffed the Plaintiff, placed him in a police van, caused the Plaintiff to be transported to the MBTA Police Station, caused the Plaintiff to be booked, photographed, fingerprinted and incarcerated in a jail cell.

16.    Officer William Smith then authored, prepared and wrote a false police report containing false allegations concerning the conduct of the Plaintiff for the purpose of justifying his violation of the Plaintiff's constitutional rights, assault and battery, false imprisonment and malicious prosecution of the Plaintiff in further violation of the Plaintiff's constitutional rights.

17.    Officer William Smith then sought and obtained a criminal complaint against the Plaintiff alleging that the Plaintiff had committed an assault and battery with a dangerous weapon, to wit a shod foot; had resisted arrest; had been a disorderly person and had committed an assault and battery on a police officer. Said criminal complaint sought and obtained by Officer William Smith was based on false statements of Officer William Smith and without probable cause.

18.    Officer William Smith then caused these criminal complaints to be prosecuted against the Plaintiff, by causing the Plaintiff to be arraigned, processed through the criminal courts, compelling the Plaintiff to obtain and pay for a defense

engaging legal counsel and other experts and further causing the Plaintiff to suffer through defending himself as to the criminal charges.

19.     General Manager Prince maintained a custom, policy and practice of inadequately monitoring officers in their stop, search, arrest practices and other police duties and failing sufficiently to discipline officers who engage in unconstitutional and unlawful practices as engaged in by Officer William Smith.

20.     Chief O'Loughlin maintained a custom policy and practice as Chief of the MBTA Police Department of failing to properly screen, train and supervise officers, inadequately monitoring officers in their stop, search, arrest practices and other police duties and failed sufficiently to discipline those who engage in such unconstitutional and unlawful practices as engaged in by Officer William Smith.

21.     General Manager Prince and Chief O'Loughlin knew or should have known that Officer William Smith prior to April 8, 2000 had engaged in violations of the constitutional rights of citizens and further failed to properly train and or discipline Officer William Smith so as to prevent further violations by Officer William Smith of citizens' constitutional rights.

22.     As a direct and proximate result of the conduct of General Manager Prince as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The Plaintiff has also been deprived of these rights in violation of 42 U.S.C. §1983.

23.     As a direct and proximate result of these policies, practices, customs and conduct of Chief O'Loughlin, the Plaintiff has been deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

5

Constitution.   The Plaintiff has also been deprived of these rights in violation of 42 U.S.C. §1983.

24.    As a result of the conduct of the Defendants as described herein, the Plaintiff incurred substantial physical injuries, was caused to spend considerable sums of money for medical expenses and treatment, suffered a diminution in his earning capacity, suffered severe emotional upset, incurred great pain of body and mind and was otherwise injured.

25.    As a result of the conduct of the Defendants as described herein the Plaintiff was injured in that he was compelled to answer criminal charges, was arraigned and processed through the criminal justice system, had to incur the cost of a legal defense, suffered great pain of body and mind and was otherwise injured.

**COUNT I**
**Plaintiff v. MBTA**
**Violation of Federal Civil Rights Under 42 U.S.C. § 1983**

26.    Plaintiff hereby repeats and incorporates paragraphs 1 – 25 as if fully set forth herein.

27.    At all relevant times, MBTA acted under color of law.

28.    MBTA's failure to supervise and train Officer William Smith in the lawful use of his police powers, use of his baton and proper procedures for arresting and charging an individual, amounts to negligence and/or gross negligence and a deliberate indifference to the safety and lives of the citizens, including the Plaintiff.   This negligence and/or gross negligence were a proximate cause of the injuries suffered by the Plaintiff.

29.   MBTA is directly liable and responsible for the acts of Officer William Smith because it continued to employ him in the capacity of a MBTA police officer, after it knew or should have known that William Smith has violated constitutional rights of others and had used excessive force.

30.   As a direct and proximate result of the conduct of MBTA alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983.

**COUNT II**
**Plaintiff v. MBTA**
**Violation of Federal Civil Rights Under 42 U.S.C. § 1985**

31.   Plaintiff hereby repeats and incorporates paragraphs 1 – 30 as if fully set forth herein.

32.   At all relevant times, MBTA engaged in a conspiracy for the purposes of depriving, directly or indirectly, the Plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws.

33.   Plaintiff was injured and was deprived of having and exercising any rights or privileges of a citizen of the United States as stated in the allegations in the factual section of this complaint and Counts I through XXII.

**COUNT III**
**Plaintiff v. MBTA**
**Violation of Massachusetts Civil Rights Act under G.L.c. 12, § 11I**

34.   Plaintiff hereby repeats and incorporates paragraphs 1 - 33 as if fully set forth herein.

35.    MBTA has attempted to interfere and has interfered in the Plaintiff's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

36.    MBTA's failure to supervise and train Officer William Smith in the lawful use of his police powers, use of his baton and proper procedures for arresting and charging an individual, amounts to negligence and/or gross negligence and a deliberate indifference to the safety and lives of the citizens.   This negligence and/or gross negligence were a proximate cause of the injuries suffered by the Plaintiff.

37.    MBTA is directly liable and responsible for the acts of Officer William Smith because it continued to employ him in the capacity of a MBTA police officer, after it knew or should have known that Officer William Smith has violated constitutional rights of others and had used excessive force.

38.    As a direct and proximate result of the conduct of MBTA as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983 and constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

## COUNT IV
### Plaintiff v. MBTA
### Respondeat Superior

39.    Plaintiff hereby repeats and incorporates paragraphs 1 – 38 as if fully set forth herein.

8

40.    MBTA as employer of General Manager Prince, Chief O'Loughlin and Officer William Smith is liable for the conduct of General Manager Prince, Chief O'Loughlin and Officer William Smith as alleged in Counts VII through XXII.

41.    As a direct and proximate cause of MBTA's liability, Plaintiff suffered injuries.

### COUNT V
### Plaintiff v. MBTA
### Negligence

42.    Plaintiff hereby repeats and incorporates paragraphs 1 - 41 as if fully set forth herein.

43.    MBTA owes a duty to exercise reasonable care to the Plaintiff.

44.    MBTA knew or should have known that Officer William Smith has a propensity to use excessive physical force and violate citizens' like the Plaintiff's constitutional rights and otherwise engage in tortuous conduct.

45.    MBTA breached that duty by failing to properly supervise; train and monitor officers and Officer William Smith in their stop, search, arrest; discipline and terminate Officer William Smith prior to the incident.

46.    As a direct and proximate cause of MBTA breach of that duty, Plaintiff suffered injuries.

### COUNT VI
### Plaintiff v. MBTA
### Malicious Prosecution

47.    Plaintiff hereby repeats and incorporates paragraphs 1 – 46 as if fully set forth herein.

48.    Officer William Smith, as a police officer with the MBTA, filed a false police report and instituted criminal proceedings against the Plaintiff with malice and without probable cause. Those proceedings were terminated in the Plaintiff's favor.

49.    MBTA condoned the prosecution of criminal complaint against the Plaintiff.

50.    The criminal proceedings were instituted for improper purpose.

51.    As a direct and proximate result of MBTA's conduct, the Plaintiff has suffered injuries, and been deprived of legally protected civil rights.

**COUNT VII**
**Plaintiff v. General Manager Prince**
**Violation of Federal Civil Rights Under 42 U.S.C. § 1983**

52.    Plaintiff hereby repeats and incorporates paragraphs 1 – 51 as if fully set forth herein.

53.    At all relevant times, General Manager Prince acted under color of law.

54.    General Manager Prince's conduct amounts to negligence/gross negligence and a deliberate indifference to the constitutional rights of citizens including the Plaintiff.

55.    As the direct and proximate result of General Manager Prince's conduct as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth and the Fourteenth Amendments to the United States Constitution. The Plaintiff has also been deprived of these rights in violation of 42 U.S.C. § 1983.

**COUNT VIII**
**Plaintiff v. General Manager Prince**
**Violation of Federal Civil Rights Under 42 U.S.C. § 1985**

56.    Plaintiff hereby repeats and incorporates paragraphs 1 – 55 as if fully set forth herein.

57.    At all relevant times, General Manager Prince engaged in a conspiracy for the purposes of depriving, directly or indirectly, the Plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws.

58.    Plaintiff was injured and was deprived of having and exercising any rights or privileges of a citizen of the United States as stated in the allegations in the factual section of this complaint and Counts I through XXII.

## COUNT IX
### Plaintiff v. General Manager Prince
### Violation of Massachusetts Civil Rights Act under G.L.c. 12 § 11I

59.    Plaintiff hereby repeats and incorporates paragraphs 1 - 58 as if fully set forth herein.

60.    General Manager Prince has attempted to interfere and have interfered in the Plaintiff's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

61.    As a direct and proximate result of the conduct of General Manager Prince as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983 and constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

## COUNT X
### Plaintiff v. General Manager Prince
### Negligence

62.   Plaintiff hereby repeats and incorporates paragraphs 1 - 61 as if fully set forth herein.

63.   General Manager Prince owes a duty to exercise reasonable care to the Plaintiff.

64.   General Manager Prince breached that duty.

65.   As a direct and proximate cause of General Manager Prince' breach of that duty, Plaintiff suffered injuries.

## COUNT XI
### Plaintiff v. Chief O'Loughlin
### Violation of Federal Civil Rights Under 42 U.S.C. § 1983

66.   Plaintiff hereby repeats and incorporates paragraphs 1 – 65 as if fully set forth herein.

67.   At all relevant times, Chief O'Loughlin acted under color of law.

68.   Chief O'Loughlin's conduct amounts to negligence/gross negligence and a deliberate indifference to the constitutional rights of citizens including the Plaintiff.

69.   As the direct and proximate cause of Chief O'Loughlin's conduct as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth and the Fourteenth Amendments to the United States Constitution. The Plaintiff has also been deprived of these rights in violation of 42 U.S.C. § 1983.

## COUNT XII
### Plaintiff v. Chief O'Loughlin
### Violation of Federal Civil Rights Under 42 U.S.C. § 1985

70.   Plaintiff hereby repeats and incorporates paragraphs 1 – 69 as if fully set forth herein.

12

71.    At all relevant times, Chief O'Loughlin engaged in a conspiracy for the purposes of depriving, directly or indirectly, the Plaintiff of equal protection of the laws, or of equal privileges and immunities under the laws.

72.    Plaintiff was injured and was deprived of having and exercising any rights or privileges of a citizen of the United States as stated in the allegations in the factual section of this complaint and Counts I through XXII.

## COUNT XIII
### Plaintiff v. Chief O'Loughlin
### Violation of Massachusetts Civil Rights Act Under G.L.c. 12 § 11I

73.    Plaintiff hereby repeats and incorporates paragraphs 1 - 72 as if fully set forth herein.

74.    Chief O'Loughlin has attempted to interfere and have interfered in the Plaintiff's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

75.    As a direct and proximate result of the conduct of Chief O'Loughlin as alleged herein the Plaintiff was deprived of his legally protective rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983 and constitution or laws of the commonwealth and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

## COUNT XIV
### Plaintiff v. Chief O'Loughlin
### Negligence

76.    Plaintiff hereby repeats and incorporates paragraphs 1 - 75 as if fully set forth herein.

77.    Chief O'Loughlin owes a duty to exercise reasonable care to the Plaintiff.

78.    Chief O'Loughlin breached that duty.

79.    As a direct and proximate cause of Chief O'Loughlin's breach of that duty, Plaintiff suffered injuries.

## COUNT XV
### Plaintiff v. Officer William Smith
### Violation of Federal Civil Rights Under 42 U.S.C. § 1983

80.    Plaintiff hereby repeats and incorporates paragraphs 1 - 79 as if fully set forth herein.

81.    At all relevant times, Officer William Smith acted under color of state law as a police officer of the MBTA.

82.    Officer William Smith deprived the Plaintiff of his rights, privileges or immunities secured by the Constitution and laws.

83.    Officer William Smith deprived the Plaintiff of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

84.    Plaintiff was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of his right to due process of law under the laws and constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth Amendments.  The physical brutality on the Plaintiff was unwarranted, cruel, unjustifiable and excessive.

85.    As a further result of Officer William Smith's acts, Plaintiff was deprived of rights and immunities provided to him, under the Constitution and laws of the United

States and of the Commonwealth of Massachusetts including, but not limited to, his rights under the Fourteenth Amendment to secure in his person, to be free from punishment without due process, and the equal protection of the laws.

86.     As a direct and proximate result of the above unlawful and malicious acts of Officer William Smith, Plaintiff suffered grievous bodily harm and extreme pain, mental and emotional pain and suffering all of which is in violation of his rights under the laws of the constitution of the United States, in particular, the Fourth Fifth, Eighth and Fourteenth Amendments and 42 U.S.C. § 1983.

87.     Officer William Smith's conduct was motivated by evil motive or intent or in reckless or callous indifference to Plaintiff's federally protected rights.

### COUNT XVI
### Plaintiff v. Officer William Smith
### Violation of Massachusetts Civil Rights Act under G.L.c. 12, § 11I

88.     Plaintiff hereby repeats and incorporates paragraphs 1 - 87 as if fully set forth herein.

89.     Officer William Smith has attempted to interfere and have interfered the Plaintiff's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth.

90.     At all relevant times, Officer William Smith acted under color of state law as a police officer of the MBTA.

91.     Officer William Smith deprived the Plaintiff of his rights, privileges or immunities secured by the Constitution and laws.

92.     Officer William Smith deprived the Plaintiff of his Fourth, Fifth, Eighth and Fourteenth Amendment of the United States Constitution.

93.    Officer William Smith deprived the Plaintiff of M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

94.    Plaintiff was the victim of punishment administered in a grossly disproportionate manner to whatever Plaintiff's acts may have been, constituted cruel and unusual punishment, and deprived him of his right to due process of law under the laws and constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth Amendment; and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV. The physical brutality on the Plaintiff was unwarranted, cruel, unjustifiable and excessive.

95.    As a further result of Officer William Smith's acts, Plaintiff was deprived of rights and immunities provided to him, under the Constitution and Laws of the United States and of the Commonwealth, including, but not limited to, his rights under the Fourteenth Amendment to be secure in his person, to be free from punishment without due process, and the equal protection of the laws and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

96.    William Smith's conduct was motivated by evil motive or intent or in reckless or callous indifference to Plaintiff's federally and state protected rights.

97.    As a direct and proximate result of the above unlawful and malicious acts of the William Smith, Plaintiff suffered grievous bodily harm and extreme pain, mental and emotional pain and suffering all of which is in violation of his rights under the laws of the constitution of the United States, in particular, the Fourth, Fifth, Eighth and Fourteenth Amendments; and 42 U.S.C. § 1983 and G.L.c. 12 § 11I and M.G.L.c. Const. Pt. I , Art. I, XII, XIII, and XIV.

## COUNT XVII
### Plaintiff v. Officer William Smith
### Negligence

98.     Plaintiff hereby repeats and incorporates paragraphs 1 - 97 as if fully set forth herein.

99.     Officer William Smith has a duty to exercise reasonable care in the performance of his duties as a police officer of the MBTA.

100.    Officer William Smith failed to exercise due care.

101.    As a direct and proximate cause of Officer William Smith's negligence, Plaintiff suffered injuries.

## COUNT XVIII
### Plaintiff v. Officer William Smith
### False Imprisonment

102.    Plaintiff hereby repeats and incorporates paragraphs 1 - 101 as if fully set forth herein.

103.    Officer William Smith, a police officer, acting as an agent of MBTA intentionally, unjustifiable and unlawfully detained and physically confined the Plaintiff.

104.    The degree of force used to make the arrest was unreasonable and unnecessary.

105.    As the direct and proximate actions of Officer William Smith, Plaintiff was in fact falsely imprisoned.

## COUNT XIX
### Plaintiff v. Officer William Smith
### Assault and Battery

106.    Plaintiff hereby repeats and incorporates paragraphs 1 - 105 as if fully set forth herein.

107.   Officer William Smith created a reasonable apprehension in Plaintiff of immediate harmful or offensive contact to the Plaintiff.

108.   Officer William Smith caused harmful or offensive contact on the Plaintiff.

109.   Officer William Smith intended to bring about such apprehension and harmful or offensive conduct on the Plaintiff with malice.

110.   Such harmful and offensive contact occurred.

## COUNT XX
### Plaintiff v. Officer William Smith
### Negligent Infliction of Emotional Distress

111.   Plaintiff hereby repeats and incorporates paragraphs 1 - 110 as if fully set forth herein.

112.   Officer William Smith was negligent in the performance of his duty as a police officer of the MBTA.

113.   Plaintiff suffered emotional distress that was a reasonable foreseeable result of Officer William Smith's conduct.

114.   Plaintiff suffered severe emotional distress as a result of Officer William Smith's negligence.

## COUNT XXI
### Plaintiff v. Officer William Smith
### Intentional Infliction of Emotional Distress

115.   Plaintiff hereby repeats and incorporates paragraphs 1 – 114 as if fully set forth herein.

116.   Officer William Smith's conduct was extreme and outrageous.

117.   Officer William Smith intended to cause Plaintiff to suffer severe emotional distress.

118.   Officer William Smith's conduct caused Plaintiff severe emotional distress.

119.   As a direct and proximate result of Officer William Smith's conduct, Plaintiff suffered physical and emotional injuries.

**COUNT XXII**
**Plaintiff v. Officer William Smith**
**Malicious Prosecution**

120.   Plaintiff hereby repeats and incorporates paragraphs 1 - 119 as if fully set forth herein.

121.   Officer William Smith filed a false police report and instituted criminal proceedings against the Plaintiff with malice and without probable cause.   Those proceedings were terminated in the Plaintiff's favor.

122.   The criminal proceedings were instituted for improper purpose.

123.   As a direct and proximate result of Officer William Smith's conduct, the Plaintiff has suffered injuries, and been deprived of legally protected civil rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Timothy D. Joyce respectfully pray:

1.   That this Court award him compensatory damages against all Defendants;

2.   That this Court award him punitive damages against all Defendants;

3.   That this Court award him reasonable attorneys fees against all Defendants;

4.   That this Court award him costs against all Defendants;

5.    That this Court award him any other relief as this Court deems just and fair.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all triable issues.

> Respectfully submitted,
> Plaintiff Timothy D. Joyce
> By his attorneys,
>
> Joseph T. Doyle, Jr. Esq. BBO # 133440
> Marie Cheung-Truslow, Esq. BBO # 558659
> Lecomte, Emanuelson, Motejunas & Doyle
> 1050 Hancock Street, Suite 815N
> Quincy, MA  02169
> (617) 328-1900
> (617) 328-2030 facsimile